UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY M. DOHERTY,

                          Plaintiff,                              Case No. 2:16-CV-14039

v.                                               HON. BERNARD A. FRIEDMAN

CHRISTOPHER FRASER, et al.,

                          Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH

This matter is before the Court on its own review of Michigan prisoner Gregory M. Doherty's pro se civil rights complaint. Plaintiff is incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. The complaint was filed by Victoria A. Matievich, plaintiff's mother, acting under a power of attorney.

The complaint alleges that defendant Detective Christopher Fraser and unnamed persons at the Macomb County Jail engaged in "acts [that resulted in plaintiff's] inability to participate in his trial with a clear and competent mind: thereby depriving him of his constitutional right for due process and a fair trial." Habeas Pet., p. 1. Specifically, he claims that he was administered "powerful psychotropic medication which had severe mental side effective just a short time before trial." *Id.* Plaintiff is currently seeking post-conviction relief in state court and $5,000,000 in damages. *Id.* at 2.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to

state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams, Sr.*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege (1) that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) that this deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978).  A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff alleges that defendants rendered him incompetent to stand trial in his criminal case, thereby resulting in his unlawful imprisonment.  Plaintiff's complaint is barred by the favorable-termination requirement articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a suit under 42 U.S.C. § 1983 for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id*. at 486–87; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This holds true regardless of the relief sought by the plaintiff.  *Heck*, 512 U.S. at 487–89.  The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for

2

challenging the validity of outstanding criminal judgments." *Id.* at 486.

   If plaintiff were to prevail on his claim concerning the validity of his criminal proceeding, his convictions and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must be dismissed. This dismissal is without prejudice. *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

   Accordingly,

   IT IS ORDERED that the complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because the claims are barred by *Heck*.

   IT IS FURTHER ORDERED that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443–45 (1962).

   IT IS FURTHER ORDERED that any pending motion is denied as moot.


     s/ Bernard A. Friedman_____
     BERNARD A. FRIEDMAN
     SENIOR UNITED STATES DISTRICT JUDGE

Dated: December 1, 2016
   Detroit, Michigan

3